**596**

Anna NGUYEN, an individual, on behalf of herself and all others similarly situated, Plaintiff,

v.

BAXTER HEALTHCARE CORPORATION, a Delaware Corporation; and Does 1 through 50, inclusive, Defendants.

No. SACV 10–01436–CJC(SSx).

United States District Court, C.D. California, Southern Division.

Aug. 26, 2011.

598

James R. Hawkins, William Stuart Caldwell, James Hawkins APLC, Irvine, CA, for Plaintiff.

John R. Giovannone, Jonathan Lawrence Brophy, Jonathan D. Meer, Timothy Michael Rusche, Seyfarth Shaw LLP, Los Angeles, CA, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

CORMAC J. CARNEY, District Judge.

### I. INTRODUCTION AND BACKGROUND

Plaintiff Anna Nguyen brought this action on behalf of herself other non-exempt manufacturing employees against her former employer, Defendant Baxter Healthcare Corporation ("Baxter") and its subsidiaries or affiliated companies ("Does 1 through 50") (collectively "Defendants"), alleging that Baxter violated California wage and hour and unfair competition laws during a period beginning August 24, 2006 and continuing to the present.

First, she claims that Defendants violated California Labor Code Sections 226.7 and 512, as well as IWC Wage Order 1 by failing to provide a first meal period within the first five hours of an eight hour shift, or to provide compensation in lieu thereof. *See* Pl.'s 2d. Am. Comp. at 11. She claims that Defendants violated the same provisions by failing to provide a second meal period when employees worked for ten hours and by failing to provide compensation in lieu thereof. *See id.* As part of that claim she asserts that up until 2008, Defendants failed to accurately record when employees were given meal periods. *See id.*

Ms. Nguyen also claims that Defendants violated Labor Code Sections 226, 1174, and 1175 by failing to include information required by Section 226(a) on employee wage statements.[1] *See id.* at 14. Last, Ms. Ngu-

---

1. The wage statements provided to Baxter's non-exempt manufacturing employees failed "to include the shift differential hourly rate of pay, the total hours worked at the shift differential rate, compensation in lieu of untimely meal periods or non-provided second meal periods, the employ-

yen claims that Baxter's Labor Code violations amount to a violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. *See* Pl.'s 2d Am. Compl. at 15. Ms. Nguyen, a former employee at Baxter's production facility in Irvine, California, seeks to represent a class of persons employed as non-exempt manufacturing employees at the same facility. Before the Court is Ms. Nguyen's Motion for Class Certification. For the reasons explained below, Ms. Nguyen's motion is GRANTED.[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23(a) sets forth four requirements for maintenance of a class action. Under that rule, a class may only be certified if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

In addition, the party seeking certification must show that the action falls within one of the three types of classes outlined in the subsections of Rule 23(b). In this case, Ms. Nguyen seeks certification pursuant to 23(b)(3), Pl.'s Mem. Supp. Mot. Class Certification at 7, which allows certification of cases in which "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).

■ On this motion for class certification, Ms. Nguyen bears the burden of demonstrating that she has met the four requirements of Rule 23(a) as well as the predominance and superiority requirements of Rule

23(b)(3). *See Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir.2001), *amended by* 273 F.3d 1266 (9th Cir.2001). And this Court may only certify the class if it is " 'satisfied, after a rigorous analysis, that' " she has. *Wal–Mart Stores, Inc. v. Dukes,* —— U.S. ——, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) (quoting *General Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)); *see also Hanon v. Dataproducts Corp.,* 976 F.2d 497, 509 (9th Cir.1992). Ms. Nguyen has not done so unless she has provided the Court with a sufficient basis to form a reasonable judgment on each Rule 23 requirement. *See Blackie v. Barrack,* 524 F.2d 891, 900–01 (9th Cir.1975).

■ Although the district court generally accepts the allegations in a plaintiff's complaint as true, the certification decision " 'generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' " *Wal–Mart Stores, Inc.,* 131 S.Ct. at 2552 (quoting *Falcon,* 457 U.S. at 160, 102 S.Ct. 2364). Conversely, the district court may not analyze any portion of the merits of a plaintiff's claims that do not overlap with the Rule 23 requirements. *Dukes v. Wal–Mart Stores, Inc.,* 603 F.3d 571, 594 (9th Cir.2010) (en banc) (("[D]istrict courts retain wide discretion in class certification decisions . . . ."), *rev'd on other grounds by Wal–Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541). Ultimately, the decision to certify a class is left to the discretion of the district court. *See Desai v. Deutsche Bank Secs. Ltd.,* 573 F.3d 931, 937 (9th Cir.2009); *Dukes,* 603 F.3d at 594.

## III. DISCUSSION

### A. Proposed Class and Sub–Classes

Ms. Nguyen seeks to divide her class into four sub-classes. These sub-classes reflect each of Ms. Nguyen's claims. They are: (1) All Non–Exempt Manufacturing Employees at Defendant's Irvine, California facility who received a 30 minute uninter-

---

er's address or the pay period start date on the wage statements provided to its non-exempt manufacturing employees." Pl.'s Mem. Supp. Mot. Class Certification at 6.

2. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing set for August 29, 2011, at 1:30 p.m. is hereby vacated and off calendar.

rupted meal period more than five hours after the start of their work shifts and did not receive compensation of one hours pay in lieu thereof during the statutory period. ("Late meal Period Class");

(2) All Non–Exempt Manufacturing Employees at Defendant's Irvine California facility who worked shifts of greater than ten hours and did not receive a second 30 minute uninterrupted meal period and did not receive compensation of one hours pay in lieu thereof during the statutory period. ("Second Meal Period Class");

(3) All Non–Exempt Manufacturing Employees at Defendant's Irvine California facility who were not provided accurate itemized wage statements reflecting the shift differential hourly rate of pay; the total hours worked at the shift differential rate, compensation in lieu of untimely meal periods or non-provided second meal periods, the employer's address, or the pay period start dates during the statutory period. ("Labor Code sec. 226 Class"); and

(4) All Non–Exempt Manufacturing Employees at Defendant's Irvine, California facility who were subjected to Defendant's unlawful, unfair or fraudulent business acts or practices in the form of Labor Code violations regarding meal periods, second meal periods, and/or inaccurate itemized wage statements during the statutory period. ("Business and Professions Code sec. 17200 Class").

Pl.'s Mem. Supp. Mot. Class Certification at 2.

## B. Rule 23(a) Requirements

Rule 23(a) has four requirements: numerosity, commonality, typicality, and adequacy. Each requirement is addressed below. Because the evidence and discussion for the two meal break sub-classes is the same, the Court will address the two sub-classes together.

### 1. Numerosity

[5] Numerosity is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Ms. Nguyen seeks to certify a class consisting of 270–280 employees at Baxter's Irvine facility. Although Baxter contests other Rule 23 requirements, it does not genuinely dispute that Ms. Nguyen's proposed class satisfies the numerosity requirement. The numerosity requirement is met here, because it would be impracticable to join all of the members of the class.

### 2. Commonality

To satisfy the commonality requirement, the plaintiff must establish that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" which "does not mean merely that they have all suffered a violation of the same provision of law." *Wal–Mart Stores, Inc.*, 131 S.Ct. at 2551. The "claims must depend on a common contention" and "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998). The commonality requirement overlaps with, but, is less rigorous than Rule 23(b)(3)'s predominance requirement. *Id.*

Ms. Nguyen's complaint and the putative class member's claims depend on a common contention, namely that Baxter employed uniform policies with respect to the meal breaks and wages of their non-exempt manufacturing employees at their Irvine facility. Specifically, with respect to the class's claims regarding meal breaks, Ms. Nguyen has shown that Baxter treated these workers uniformly. Employees on a production line went to lunch at the same time, as determined by the lead or supervisor. (Bosalet Dep. at 41.) Baxter used software which automatically deducted one 30 minute meal break per shift from all employees' time, without regard to whether a first meal break was late or missed, or whether a second meal break was required on a shift of more than 10 hours. (*Id.* at 40). Baxter has never paid

out extra pay for a late or missed meal during the class period. (*Id.*) The written policy provided to the class members regarding meal breaks, which Ms. Nguyen asserts lacks required information until April 3, 2010, was identical for all of the class members. (*Id.* at 45–53, 63–69; Pl.Ex. 4 at BAX000446–447; Pl.Ex. 5 at BAX000448.) This policy was uniform, was provided to new hires, and provided in online format to employees via an on-site learning center. (Bosalet Dep. at 64–69.) Unlike *Wal–Mart*, there appears no basis for finding that any of these actions were taken on an individual case-by-case basis, nor is the putative class so large and disparate that it was subject to a wide variety of supervisory practices which would require separate analysis. The record shows that Baxter employees at this facility were treated with sufficient uniformity to satisfy the commonality requirement for the meal break sub-classes.

With respect to wage statement subclass's claim, the Court finds that the commonality requirement is satisfied because the wage statements were identical for the class. (Bosalet Dep. 149.) If Ms. Nguyen's wage statement lacked required information and caused her to have to look to outside information and perform calculations to see if she was paid correctly, *see* Pl.'s Rep. Supp. Mot. Class Certification at 12 (showing that because the wage statements lacked the shift differential pay rate and the pay period beginning date, employees could not determine if they had been paid accurately based on the wage statement alone), every other class member's did as well. While it is true that to bring a suit under 226(e), an injury is required to recover damages, "a very modest showing will suffice". *Jaimez v. DAIOHS USA, Inc.*, 181 Cal.App.4th 1286, 1306–07, 105 Cal.Rptr.3d 443 (Cal.Ct.App.2010) (citing *Wang v. Chinese Daily News, Inc.*, 435 F.Supp.2d 1042 (C.D.Cal.2006); *Elliot v. Spherion P. Work, LLC*, 572 F.Supp.2d 1169 (C.D.Cal.2008)). In fact, in *Jaimez*, the court found that there was a sufficient showing to satisfy commonality and predominance even when "there [did] not appear to be any evidence in the record of [the plaintiff's] injury resulting from inaccurate paystubs." *Id.* While Ms. Nguyen will have to show an

actual injury resulting from the noncompliant wage statements to prevail on the merits, her showing that any injury or injuries, if they occurred, were common to all class members will suffice. Ms. Nguyen asserts an injury sufficient to satisfy the 226(e) showing, and that, because of the uniform wage statements, any injury is common. She satisfies the commonality requirement for this sub-class.

Finally, because the class's UCL claims derive from the conduct alleged in the other three sub-classes' claims, the commonality requirement is similarly satisfied for this sub-class as well. Ms. Nguyen, thus, satisfies the requirements for commonality for all four sub-classes.

### 3. Typicality

 Ms. Nguyen's claims are sufficiently typical to satisfy Rule 23(a)(3). Under the requirement's "permissive standards," claims are typical if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Ms. Nguyen is a non-exempt manufacturing employees at Baxter's Irvine facility, as are all the other members of the putative class. As discussed in the commonality section, she was subject to all of the same policies, and suffered the same injuries of each sub-class.

Baxter asserts that Ms. Nguyen is not typical because she never had a late first meal break, and that she only worked two shifts of more than 10 hours. *See* Def.'s Opp'n Mot. Class Certification at 16–17. Baxter's first contention is not supported by the evidence. To support its assertion they cite to a portion of Ms. Nguyen's deposition where she provided the times when her shifts "normally" began, ended, and broke for meals and rest. (Nguyen Dep. at 31–36.) Ms. Nguyen's testimony gave a general description of her work routine. It does not establish that she received a meal break at the same time every day without exception or that she never received a late meal break.

Baxter next asserts that Ms. Nguyen is atypical because she only worked two ten-hour shifts. Def.'s Opp. Mot. Class Certifica-

tion at 17. Missing from this assertion is a claim that Ms. Nguyen was given the appropriate meal breaks, or compensation on these shifts. Without such a showing, Baxter does not prove that Ms. Nguyen did not suffer the injury she asserts on behalf of this sub-class. Because Ms. Nguyen has shown that she was the same type of employee, was subject to the same policies, and suffered the same types of injuries as the members of each sub-class, she has satisfied the typicality requirement.

### 4. Adequacy

 Under Rule 23(a)(4)'s adequacy requirement, Ms. Nguyen must establish that she "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). In determining whether a proposed class representative will fairly and adequately protect the interests of the class, the Court asks two questions. First, do the proposed class representative and her counsel "have any conflicts of interest with other class members"? *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir.2003) (citing *Hanlon*, 150 F.3d at 1020). Second, will the proposed class representative and her counsel "prosecute the action vigorously on behalf of the class?" *Id.* The competency of counsel is relevant to whether the class representative and her counsel will vigorously prosecute the action. *Hanlon*, 150 F.3d at 1021.

Ms. Nguyen satisfies the first prong of the adequacy inquiry because there is no evidence of conflicts of interest, and the parties do not dispute that there are conflicts. Ms. Nguyen satisfies the second prong because she has shown that she is an adequate plaintiff and she is represented by competent counsel. Ms. Nguyen is an adequate plaintiff because she has demonstrated a desire and willingness to pursue this action through participation in this suit, submission of a declaration and sitting through deposition. Ms. Nguyen's counsel, James R. Hawkins, is an experienced wage an hour class action attorney, having participated in at least 23 wage and hour class actions suits as lead or co-lead counsel since 2002. (Hawkins Decl. at 2–8.)

Baxter challenges Ms. Nguyen's adequacy as a plaintiff for two reasons: that she does not want to be a class representative, and

that she does not have sufficient knowledge to make her a competent class representative. Baxter asserts that Ms. Nguyen has shown that she does not want to be the class representative, because when asked, "You don't want to be representing all of the other current and former employees?," she answered, "That's correct, I don't." (Nguyen Dep. at 103.) However, later in the same deposition, Ms. Nguyen repeatedly affirms, and articulates on her own a desire to represent those similarly situated to her who want her to represent them. (*Id.* at 114–20.) She describes wanting to stand for those similar to her who are afraid to act themselves. (*Id.*) One answer in her deposition testimony notwithstanding, the evidence shows that Ms. Nguyen is willing and able to represent the class. She has participated in the suit up to this point, and provided both declarations and deposition testimony that show her desire to represent others similarly situated.

 Baxter claims that, because Ms. Nguyen, in her deposition, indicated that she was unaware of activity outside of her production line and did not know whether others had problems with their wage statements, Ms. Nguyen has insufficient knowledge to make her an adequate representative. Def. Opp'n Mot. Class Certification at 17–18. To satisfy the adequacy requirement, no such knowledge is required of the class representative. To be sufficiently knowledgeable, a plaintiff must "understand [her] duties and [be] currently willing and able to perform them. The Rule does not require more." *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir.2001). Ms. Nguyen's testimony cited above indicates that she understands the nature of a class action suit, and her responsibilities as representative. Ms. Nguyen is, therefore, an adequate plaintiff.

Baxter finally claims that Ms. Nguyen's counsel is inadequate because of an alleged ethical violation. Baxter asserts that Ms. Nguyen's counsel contacted a prospective class member on the telephone and pretended to represent Baxter. Def. Opp. Mot. Class Certification at 18–19. However, the testimony offered to support the claim of

unethical conduct does not establish that this occurred. Ha Tran testified that she does not remember who called her with enough certainty to establish it was Ms. Nguyen's counsel, (*See* Tran Dep. at 12, 44–48), and Ms. Nguyen's counsel denies ever making any such representations, *see* Pl.'s Reply Supp. Mot. Class Certification at 19. Ms. Nguyen and her counsel are adequate, and this requirement is satisfied.

## C. Rule 23(b)(3) Requirements

Ms. Nguyen also seeks class certification on the basis that she satisfies the requirements of Rule 23(b)(3). Accordingly, she must satisfy the predominance and superiority requirements of that subsection.

### 1. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). It is similar to the commonality requirement of Rule 23(a)(3). *Id.* at 623 n. 18, 117 S.Ct. 2231. But predominance is a more rigorous requirement than the Rule 23(a)(3) commonality prerequisite. *Hanlon*, 150 F.3d at 1019. The "main concern in the predominance inquiry ... [is] the balance between individual and common issues." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir.2009).

In this case, common issues underlying Ms. Nguyen's claims predominate. As discussed previously, the central issues raised concern policies and practices at a single facility applied with uniformly to all employees in the putative class. The evidence set forth in the commonality requirement section also sufficiently demonstrates that these common issues predominate. The only individualized determination apparent to the Court is, if Ms. Nguyen is able to prove that the claims are valid, on what occasions, if any, these injuries occurred to the class members, which is an issue of damages. However, "[t]he amount of damages is invariably an individual question and does not de-

feat class action treatment." *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir.1975).

Baxter, asserts that individual issues predominate with respect to the 226 Class, because only Ms. Nguyen asserts an injury from the noncompliant wage statements. Baxter's argument regarding this class fails for the same reason that it failed for the commonality requirement. Ms. Nguyen has sufficiently shown that common issues predominate for this class because, by Baxter's own admission, all of the class members' wage statements were identical. Patti Ann Bosalet, Baxter's "Person Most Knowledgeable" had to perform fairly complicated calculations to properly analyze Ms. Nguyen's wage statement. (*See* Bosalet Dep. at 149–58.) The only individualized determination required would be the extent of the injury suffered by each class member. That would be an issue of damages, which, again, does not defeat class action treatment. *See Blackie*, 524 F.2d at 905.

### 2. Superiority

Ms. Nguyen must also demonstrate that a class action would be a superior method of resolving this controversy. A class action may be superior "[w]here classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter–Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir.1996). It is also superior when "no realistic alternative" to a class action "exists." *Id.* at 1234–35. In deciding whether a class action would be a superior method for resolving the controversy, the Court considers factors including: (1) the class members' interest in individually controlling the prosecution or defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already begun by or against class members, (3) the desirability or undesirability of concentrating the litigation and of the claims in the particular forum, and (4) the likely difficulties in managing a class action. Fed.R.Civ.P. 23(b)(3)(A)–(D).

These factors favor classwide resolution of Ms. Nguyen claims. Class action litigation is certainly more efficient than litigating hundreds of nearly-identical claims. More important, given the nature of the class mem-

**604**

bers' employment and the damages at issue for each plaintiff, individual litigation is not a realistic alternative, nor is there an alternative means of resolution outside the court. The class members in this instance would likely not have means to pursue individual, nearly identical claims given the amount of damages at stake for each plaintiff. There does not appear to be any other litigation related to this suit. The claims all allegedly occurred within the district and venue of this forum. Finally, because of the uniformity discussed previously, and the lack of individualized analysis required, it appears that the majority of the evidence in this case, other than proof of damages for each class member, will be common to all class members, and can largely occur from an examination of Baxter's records. Therefore, there are not significant suit management difficulties. Ms. Nguyen has shown that class action is a superior method for resolving this controversy.

**CONCLUSION**

For the foregoing reasons, Ms. Nguyen's motion for class certification is GRANTED.